UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00082-TWP-MJD |
| ) | |
| HERMAN WESLEY TAVORN ) | |
| a/k/a WES, ) | -22 |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT TAVORN'S MOTION IN *LIMINE* AND *BRADY* MOTION**

This matter is before the Court on Defendant Herman Wesley Tavorn's ("Tavorn") Motion for Constitutionally Required Disclosure of Impeachment Evidence of Cooperating Witnesses ("*Brady* Motion") (Dkt. 748) and Motion in *Limine* (Dkt. 750). Tavorn is scheduled for a jury trial beginning October 23, 2023, on Count One: Conspiracy to Distribute Controlled Substances; and Count Thirteen: Possession of Fentanyl with Intent to Distribute. He seeks a preliminary ruling from the Court regarding the admissibility of evidence of his drug use or drug dealing outside the charged conspiracy and evidence of gang affiliation. He also seeks the disclosure of impeachment evidence as to the Government's cooperating witnesses. For the following reasons, Tavorn's *Brady* Motion is **granted in part** and **denied in part**, and his Motion in *Limine* is **denied**.

### I.     LEGAL STANDARD

**A.     Motions in *Limine***

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill.

1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401. "The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose." *Washington Frontier League Baseball, LLC v. Zimmerman*, No. 14-cv-1862, 2018 WL 3120623, at *2 (S.D. Ind. June 26, 2018).

### B. *Brady* Materials

Under *Brady v. Maryland*, 373 U.S. 83 (1963), the Government has a duty to produce evidence favorable to the accused when "the evidence is material either to guilt or punishment." *Id.* at 87. "Evidence is material under *Brady* if, had it been disclosed, there is a reasonable probability that the outcome of the trial would have been different." *United States v. Dismas*, 3 F.3d 1015, 1018 (7th Cir.1993). The United States Supreme Court in *United States v. Agurs*, 427 U.S. 97, 110 (1976), reaffirmed that under *Brady*, evidence need be disclosed only if it is material and expressly rejected the argument that defense should have unfettered or complete access to the government's files.

Under *Giglio v. United States*, 405 U.S. 150 (1972), the *Brady* duty extends to impeachment evidence. *Id.* at 154. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Bielanski*, 550 F.3d 632, 643 (7th Cir.2008) (quoting *Youngblood v. W. Va.*, 547 U.S. 867, 870 (2006)). *Giglio* impeachment material typically includes cross-examination materials such as immunity agreements, plea agreements, money paid to a witness, and criminal convictions. These

impeachment materials, however, must be disclosed only once the witness testifies. The Seventh Circuit has made it clear that there is nothing in *Brady* that requires the government to prematurely disclose material impeachment evidence, immunity agreements, or preferential treatment given to prosecution witnesses in exchange for their testimony before trial. *United States v. McPartlin*, 595 F.2d 1321, 1346 (7th Cir.), *cert. denied*, 444 U.S. 833 (1979).

## II.   DISCUSSION

The Court will address Tavorn's Motion in *Limine* and then his *Brady* Motion.

### A.   Tavorn's Motion in *Limine*

In his Motion *in Limine* (Filing No. 750), Tavorn ask the Court to prohibit the Government from offering or referring to: (a) any evidence of drug use or drug dealing by Tavorn outside the charged conspiracy, including his pending Indictment for Possession of Methamphetamine with Intent to Distribute, Possession of Fentanyl with Intent to Distribute, and Possession of a Firearm by a Convicted Felon, as well as his prior convictions for Dealing in Cocaine in 2004 and 2011; or (b) evidence that he is affiliated with a gang. Tavorn argues that the evidence of past convictions and pending charges is inadmissible under Federal Rules of Evidence 404(B) and 609, and evidence of alleged gang affiliation is irrelevant and unfairly prejudicial. *Id.* at 2–3.

The Government responds that it does not intend to introduce any of the evidence identified by Tavorn in its case in chief. However, the Government reserves the right to introduce evidence of Tavorn's criminal history for impeachment purposes should Tavorn choose to testify. The Government notes that "[s]hould the defendant open the door to the admission of such evidence, the government will approach the Court and advise it of its intention to introduce the evidence before eliciting testimony" (Filing No. 756 at 1–2).

Because the Government does not intend to offer the disputed evidence in its case in chief, Tavorn's Motion *in Limine* (Filing No. 750) is **denied** at this time. Whether the disputed evidence

may become admissible in light of evidence offered by Tavorn, if any, will be decided in the context of trial.

**B.      Tavorn's *Brady* Motion**

This case stems from a multi-year federal investigation into a large drug trafficking operation allegedly led by Defendant Keith Jones. Tavorn and eight others, including Jones, are charged in a twenty-seven count Superseding Indictment with a variety of conspiracy and drug trafficking offenses. Several of the charged defendants have entered into plea agreements, and some of Tavorn's former co-defendants, as well as uncharged individuals involved in the alleged drug trafficking operation, may testify as cooperating witnesses against Tavorn. Five defendants, including Tavorn, are scheduled for a five-week jury trial to begin on Monday, October 23, 2023.

Tavorn requests production of the following materials and information, which he argues constitute exculpatory and impeachment evidence:

- a. The cooperating witness' complete criminal history, including arrests, convictions and adjudications;
- b. The cooperating witness' parole, probation or custodial status existing at any time between the date of the offense and the testimony;
- c. Any agreement, informal or formal, for the cooperating witness' testimony, including the grant of immunity;
- d. Any promises or threats made to the cooperating witness by local, state or federal agencies in connection with this case;
- e. Any monetary or non-monetary benefits discussed, offered, or given to cooperating witness; . . .
- f. Any evidence of a personal bias, including ill-will or animosity of the cooperating witness against Mr. Tavorn[;]
- g. Any evidence of a prior false statements [*sic*] made by the cooperating witness in connection with the case that the witness acknowledged were false or the Government reasonably believes are false;

      h.      Any evidence that cooperating witness was addicted to or has been a frequent habitual or chronic user of any medication or controlled substances during the time of the charged conspiracy or currently; and

      i.      Any evidence that the cooperating witness suffers from an emotional, psychological, or physical condition that could affect the person's behavior and perception.

(Filing No. 748 at 2–3).

In response, the Government asserts that no exculpatory evidence under *Brady* exists, and it "will disclose the witnesses' plea and cooperation agreements, any benefits cooperating witnesses may have received in exchange for their truthful testimony, and their parole, probation, or custodial status between the date of the offense and the witness's testimony" (Filing No. 765 at 2). The Government also agrees disclose any prior criminal convictions sustained by any cooperating witness, and that if additional impeachment evidence comes to the Government's attention, the Government will disclose it. *Id.* at 2. The Government does not oppose Tavorn's request that these materials be produced by October 16, 2023.

However, the Government opposes Tavorn's request for the "complete criminal histories" of those witnesses because arrests are generally inadmissible for impeachment purposes, and juvenile adjudications are sealed. *Id.* at 3. "The well-established, *general* rule is that a witness's credibility may not be impeached by evidence of his or her prior arrests, accusations, or charges." *Barber v. City of Chicago*, 725 F.3d 702, 709 (7th Cir. 2013) (emphasis added). However, arrest records are admissible as impeachment evidence if the person was arrested for a crime involving dishonesty or false statements. *See Thompson v. City of Chicago*, 722 F.3d 963, 977 (7th Cir. 2013) ("There are exceptions, of course. Under Rule 608(b) of the Federal Rules of Evidence, the court may permit cross-examination on specific instances of conduct if probative of the witness's character for truthfulness or untruthfulness."). Tavorn's request for arrest records is therefore **granted** to the extent the arrests involved a crime of dishonesty or false statements.

Lastly, the Government's argument regarding sealed juvenile records is well taken. The Government is not obligated to produce records to which it itself has no access, so Tavorn's *Brady* Motion as to those records is denied.

### III. CONCLUSION

For the reasons explained above, Tavorn's Motion in *Limine* (Filing No. 750) is **DENIED**, and his *Brady* Motion (Filing No. 748) is **GRANTED in part** and **DENIED in part**. In particular, the Government is **ORDERED** to disclose the cooperating witnesses' plea and cooperation agreements, any benefits cooperating witnesses may have received in exchange for their truthful testimony, their parole, probation, or custodial status between the date of the offense and their testimony, prior criminal convictions, and any prior arrests involving dishonesty or false statements, no later than **October 16, 2023**.

An order in *limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during trial, counsel may raise specific objections to that evidence at the appropriate time.

**SO ORDERED**.

Date: 10/4/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Bradley A. Blackington
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bradley.blackington@usdoj.gov

Peter S Herrick
Peter S. Herrick, Attorney at Law
pssherrick@gmail.com

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kelsey.massa@usdoj.gov

Stacy R. Uliana
ULIANA LAW
stacy@ulianalaw.com